1  Brandon A. Block (SBN 215888)
   LAW OFFICES OF BRANDON A. BLOCK
2  A PROFESSIONAL CORPORATION
   1925 Century Park East, Suite 2300
3  Los Angeles, California 90067
   Telephone: (310) 789-2482
4  Facsimile: (310) 496-1420

5  Attorneys for Plaintiff
   SEAN FLYNN

6

FILED

2008 JUN -4  PM 2: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8                UNITED STATES DISTRICT COURT FOR THE

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  SEAN FLYNN, an individual,          )  CASE NO.
                                        )  CV08-03651 MRP (JWJx)
12          Plaintiff,                  )
                                        )  COMPLAINT FOR:
13      vs.                             )
                                        )  (1)  VIOLATIONS OF THE
14  BROTMAN MEDICAL CENTER,             )       FEDERAL FAIR DEBT
    INC., a California corporation,     )       COLLECTION PRACTICES
15  DESIGNED RECEIVABLE                 )       ACT;
    SOLUTIONS, INC., a California       )
16  corporation, and DOES 1 through     )  (2)  VIOLATIONS OF THE
    25, inclusive,                      )       ROSENTHAL FAIR DEBT
17                                      )       COLLECTION PRACTICES
            Defendants.                 )       ACT; AND
18                                      )
                                        )  (3)  INTENTIONAL INFLICTION
19                                      )       OF EMOTIONAL DISTRESS
                                        )
20                                      )  DEMAND FOR JURY TRIAL
                                        )
21                                      )
                                        )
22                                      )

23

24

25

26

27

28

                                  1
                              COMPLAINT

Plaintiff Sean Flynn alleges as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action and the claims alleged herein pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367.

2.      Venue is proper in the Central District in that, among other things, all defendants reside in this State and one or more defendants resides in this District.

## PARTIES

3.      Plaintiff is a natural person over the age of 18. He is a resident of Los Angeles County, and a citizen of California.

4.      Defendant Designed Receivables Solutions, Inc. ("DRSI") is a California corporation with its principal place of business in La Palma, California.

5.      Defendant Brotman Medical Center, Inc. ("Brotman") is a California corporation with its principal place of business in Culver City, California.

6.      Plaintiff does not know the true names, identities, and capacities of defendants sued herein as Does 1 through 25, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this complaint to allege the true names, identities and capacities of defendants sued herein as Does 1 through 25, inclusive, when plaintiff discovers such information.

7.      At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

## OPERATIVE FACTS

8.      On June 1, 2007, plaintiff's wife received emergency medical treatment at Brotman Medical Center in Culver City, California. Brotman Medical Center is owned and operated by Brotman.

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

2
COMPLAINT

9.     In October 2007, Brotman sent plaintiff written statements claiming that insurance failed to pay the entire bill for his wife's hospitalization, and the remaining balance was plaintiff's responsibility to pay.

10.     On October 31, 2007, plaintiff contacted Brotman by telephone and informed it that he maintained supplemental insurance through AFLAC, and that AFLAC should provide complete or partial payment for the outstanding balance. Plaintiff further informed Brotman that AFLAC required copies of certain documents from Brotman to process payment. Brotman told plaintiff that it would cease any activity on his account and wait for AFLAC to make payment. Brotman also directed plaintiff to its "business office" in order for him to obtain the necessary documents for AFLAC to process payment. However, plaintiff's numerous telephone calls to the business office have gone unanswered. Brotman also has failed to respond to AFLAC's requests for documents and information.

11.     Brotman did not cease collection activity on plaintiff's account. Instead, defendants sent a dunning letter to plaintiff on or about November 15, 2007 which identified Designed Billing Solutions, Inc. ("DBSI") as the sender. Plaintiff is informed and believes that DBSI is an expired fictitious name of DRSI, a licensed debt collector. Plaintiff further is informed and believes that defendants used the name DBSI in their debt collection efforts with plaintiff to conceal the true purpose of their communications and/or to evade notifying plaintiff of his rights under the debt collection laws.

12.     Defendants' November 15, 2007 was a "communication," as defined in 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a). But defendants did not provide plaintiff with a written validation rights notice in the November 15, 2007 dunning letter or within five days thereof. Further, defendants did not inform plaintiff in the November 15, 2007 dunning letter that they were debt collectors attempting to collect a debt and any information obtained would be used for that purpose.

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

3
COMPLAINT

13.    Defendants sent a dunning letter to plaintiff on or about December 21, 2007 that was identical to their November 15, 2007 dunning letter.

14.    On or about January 17, 2008, DRSI sent its purportedly initial dunning letter to plaintiff. As detailed above, however, DRSI's January 17, 2008 letter was not defendants' initial communication with plaintiff.

15.    On February 6, 2008, plaintiff sent a letter to DRSI disputing and refusing to pay the alleged debt. DRSI, however, improperly continued its collection efforts against plaintiff.

16.    On April 3, 2008, Pam Mercado, a Unit Debt Collection Manager for DRSI, contacted plaintiff by telephone regarding his alleged debt. Plaintiff informed Mercado that he and his wife were in the midst of a divorce and that he continued to dispute the debt. Mercado threatened plaintiff that irrespective of the foregoing, DRSI would furnish a negative report concerning plaintiff's account to credit reporting agencies unless plaintiff immediately made full payment to DRSI.

17.    On or about April 4, 2008, DRSI sent plaintiff another dunning letter. In the April 4, 2008 letter, DRSI threatened plaintiff that if he did not pay the entire balance due or dispute the debt (which plaintiff had already done on several occasions), DRSI would file a lawsuit against plaintiff. DRSI never filed a lawsuit against plaintiff, and plaintiff is informed and believes that DRSI never intended to file a lawsuit against plaintiff.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.)

18.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

19.    Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id. § 1692(e).

20.    Plaintiff at all times relevant herein was and is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

21.    Defendants at all times relevant herein were and are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6). Brotman is a creditor who, in the process of collecting its own debts, has used and uses a name other than its own (DBSI) which would indicate that a third person is collecting or attempting to collect such debts.

22.    The purported debt which defendants attempted to collect from plaintiff at all times relevant herein was and is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

23.    Defendants violated 15 U.S.C. § 1692c by, among other things, failing to cease communications with plaintiff after he gave written notice to defendants of his refusal to pay the alleged debt.

24.    Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse plaintiff in connection with the collection of an alleged debt.

25.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive and/or misleading representations or means in connection with the collection of an alleged debt.

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

26. Defendants violated 15 U.S.C. § 1692g by failing to provide plaintiff with a written validation notice in their initial communication with plaintiff or within five days thereof.

27. As a proximate result of defendants' violations of the FDCPA, plaintiff has been damaged in amounts which are subject to proof, and he is entitled to collect such actual damages from defendants pursuant to 15 U.S.C. § 1692(k)(1). Plaintiff also is entitled to statutory damages pursuant to 15 U.S.C. § 1692(k)(2)(A), and his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(3).

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)

28. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

29. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). Thus, the Legislature enacted the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. (the "RFDCPA"), "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b).

30. Plaintiff at all times relevant herein was and is a "debtor" within the meaning of California Civil Code § 1788.2(h).

31. Defendants at all times relevant herein were and are "debt collectors" within the meaning of California Civil Code § 1788.2(d).

32. The purported debt which defendants attempted to collect from plaintiff at all times relevant herein was and is a "consumer debt" within the meaning of California Civil Code § 1788.2(f).

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

1    33.    Defendants violated California Civil Code § 1788.10(f) by making

2    threats to take actions prohibited by the RFDCPA.

3    34.    Defendants violated California Civil Code § 1788.13(a) by

4    communicating with plaintiff other than in their own names or the person on whose

5    behalf they were acting.

6    35.    Defendants violated California Civil Code § 1788.13(f) by falsely

7    representing that information concerning plaintiff's failure or alleged failure to pay a

8    consumer debt had been or was about to be referred to a consumer reporting agency.

9    36.    Defendants violated California Civil Code § 1788.13(i) by falsely

10    representing the true nature of their businesses or services.

11    37.    Defendants violated California Civil Code § 1788.13(j) by falsely

12    representing that a legal proceeding had been, was about to be or would be instituted

13    unless payment of a consumer debt was made.

14    38.    Defendants violated California Civil Code § 1788.13(k) by

15    communicating with plaintiff and demanding money when the claim was not actually

16    assigned to them.

17    39.    Defendants' violations of the FDCPA enumerated above also violated

18    the provisions of California Civil Code § 1788.17.

19    40.    As a proximate result of defendants' violations of the RFDCPA,

20    plaintiff has been damaged in amounts which are subject to proof, and he is entitled

21    to collect such actual damages from defendants. Defendants' violations of the

22    RFDCPA were willful and knowing, thereby entitling plaintiff to statutory damages

23    pursuant to California Civil Code § 1788.30(b). Plaintiff is entitled to recover his

24    reasonable attorney's fees and costs pursuant to California Civil Code §1788.30(c).

25    **THIRD CLAIM FOR RELIEF**

26    **(Against All Defendants for Intentional Infliction of Emotional Distress)**

27    41.    Plaintiff realleges and incorporates herein by reference the allegations of

28    each of the paragraphs above.

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

42.    Defendants engaged in the extreme, outrageous and unreasonable acts enumerated above to collect an alleged debt. These acts went beyond the bounds of decency expected in a civilized society. Plaintiff was present at the time of the outrageous conduct, and defendants knew that plaintiff was present.

43.    Defendants intended to cause plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

44.    As a direct and proximate result of defendants' outrageous conduct, plaintiff has suffered severe mental distress, mental suffering, and/or mental anguish, including one or more of the following: fright, nervousness, grief, anxiety, depression, worry, humiliation, sleeplessness, nausea and indignity.

45.    As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

46.    Defendants acted with malice, oppression, and/or fraud towards plaintiff, within the meaning of Civil Code § 3294, thereby entitling plaintiff to an award of punitive damages. defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiff prays for the following relief:

1.    For compensatory damages;

2.    For statutory damages;

3.    For punitive damages;

4.    For pre-judgment interest to the extent permitted by law; and

5.    For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

6. For such other and further relief as the Court may deem just and proper.

Dated: June 3, 2008

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By:_____
          Brandon Block

Attorneys for Plaintiff
SEAN FLYNN

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: June 3, 2008

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By:_____
          Brandon Block

Attorneys for Plaintiff
SEAN FLYNN

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV08- 3651 MRP (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN FLYNN, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>BROTMAN MEDICAL CENTER, INC., a California corporation, DESIGNED RECEIVABLE SOLUTIONS, INC., a California corporation, and DOES 1 through 25, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-03651 MRP(JWJx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  BROTMAN MEDICAL CENTER, INC., a California corporation, DESIGNED RECEIVABLE SOLUTIONS, INC., a California corporation, and DOES 1 through 25, inclusive

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Law Offices of Brandon A. Block_____, whose address is _1925 Century Park East, Suite 2300, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


Clerk, U.S. District Court


Dated: _____   By: _____

JUN – 4 2008   **NATALIE LONGORIA**

Deputy Clerk

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States   Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>FLYNN, SEAN | DEFENDANTS<br>BROTMAN MEDICAL CENTER, INC, a California corporation,<br>DESIGNED RECEIVABLE SOLUTIONS, INC, a California<br>corporation, and DOES 1 through 25, inclusive |
| (b) County of Residence of First Listed Plaintiff (Except in U S Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U S Plaintiff Cases Only):<br>Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number If you are representing<br>yourself, provide same.)<br>Brandon A Block, Law Offices of Brandon A Block, APC,<br>1925 Century Park East, Suite 2300, Los Angeles, CA 90067.<br>(310) 789-2482 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1 U S Government Plaintiff  ☑ 3 Federal Question (U S Government Not a Party)

☐ 2 U S Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ MONEY DEMANDED IN COMPLAINT: $ _Actual and Statutory Damages_

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause  Do not cite jurisdictional statutes unless diversity)
Fair Debt Collection Practices Act, 15 U S C Section 1692, et seq

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R. R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a)  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:**  Case Number: _____

CV08-03651

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b)  RELATED CASES: Have any cases been previously filed that are related to the present case?  ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX.  VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U S government, its agencies or employees is a named plaintiff.
   Los Angeles County, California

List the California County, or State if other than California, in which EACH named defendant resides  (Use an additional sheet if necessary)
☐  Check here if the U S government, its agencies or employees is a named defendant
   Brotman Medical Center, Inc - Los Angeles County, California
   Designed Receivable Solutions, Inc. - Los Angeles County, California

List the California County, or State if other than California, in which EACH claim arose  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved
   Los Angeles County, California

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date _____ June 3, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet  (For more detailed instructions, see separate instructions
sheet )

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended Also, include claims by hospitals, skilled nursing facilities, etc , for certification as providers of services under the program  (42 U S C  1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U S C  923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability  (42 U S C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U S C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U S C  (g)) |